**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LONNIE KADE WELSH,** § | | |
| *as next of friend of* **CHARLES WILSON,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | A-20-CV-792-RP | |
| § | | |
| **MARSHA MCLANE,** § | | |
| § | | |
| **Defendant.** § | | |

**ORDER**

Before the Court is the 42 U.S.C. § 1983 complaint filed by Plaintiff Lonnie Kade Welsh as next friend of Mr. Charles Wilson. Plaintiff names Marsha McLane, Director of the Texas Civil Commitment Office (TCCO), as the defendant. (ECF No. 1.) Both Plaintiff and Mr. Wilson have filed motions to proceed in forma pauperis. (ECF No. 2.)

Plaintiff and Mr. Wilson are involuntarily civilly-committed as Sexually Violent Predators (SVPs) and are in custody at the Texas Civil Commitment Center (TCCC) in Littlefield, Texas. Plaintiff alleges that Mr. Wilson "is non compos mentis," has an IQ "below 70," and "other sever[e] mental health problems." On July 3, 2020, Plaintiff alleges Mr. Wilson was in a verbal altercation with his roommate and suffered a head injury as a result. Mr. Wilson was then observed for three days in the medical department before a TCCC Captain transferred him to the Secure Management Unit (SMU). Plaintiff describes the SMU as a 22-hour "lockdown" cell also known as "the dungeon." Mr. Wilson stayed in the SMU for ten days before being transferred back to his normal housing.

1

Plaintiff claims that, due to Mr. Wilson's diminished mental capacity, his placement in the SMU was cruel and unusual punishment and that it violates Mr. Wilson's protections under Texas Health and Safety Code § 322.052 (Adoption of restraint and seclusion procedures) and Texas Administrative Code § 415.261 (Time limitation on an order for restraint or seclusion initiated in response to a behavioral emergency). Plaintiff further claims Mr. Wilson should be transferred to a mental health facility and that his status as a SVP is preventing him from getting the mental health care he needs. He seeks an injunction requiring Defendant McLane to treat Mr. Wilson within the regulations listed in Texas Administrative Code Chapter 415, subsection F and requests the appointment of counsel or a guardian ad litem because, per 28 U.S.C. § 1654, Plaintiff is prohibited from representing Mr. Wilson.

As a preliminary matter, the Court must examine the threshold question of its subject matter jurisdiction. *See McDonal v. Abbott Labs.,* 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("any federal court may raise subject matter jurisdiction *sua sponte*") (citing *Ruhgras AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Here, Plaintiff seeks to file this complaint as the next friend of Mr. Wilson, the real party in interest, and whose interests Plaintiff claims to represent. The Supreme Court has held that "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). In *Whitmore*, the Court gave two requirements for those seeking "next friend" status: (1) "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* at 163.

In the complaint, Plaintiff alleges Mr. Wilson has a low IQ, is "non compos mentis," and has "other sever[e] mental health problems" but fails to provide any documentation or other evidence supporting these allegations. *See Magallon v. Livingston*, 453 F.3d 268, 272 (5th Cir. 2006) (complaint's boilerplate allegation of incompetency was insufficient to entitle plaintiff to a hearing on the issue of whether he met next-friend burden). Further, Plaintiff has not given any reason or explanation showing he is "truly dedicated" to representing Mr. Wilson's best interests. As a result, the Court concludes Plaintiff has not met his burden and cannot proceed as Mr. Wilson's "next friend."

Even if Plaintiff had met the next-friend burden articulated in *Whitmore*, he is nonetheless prohibited from representing Mr. Wilson because he is not a licensed attorney. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (it is axiomatic that an individual may proceed pro se and equally certain that those not licensed to practice law may not represent the legal interests of others) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Plaintiff apparently understands this and thus requests the appointment of counsel or a guardian ad litem. However, without jurisdiction, the Court has no authority to appoint representation for Mr. Wilson.

The Court further notes that, in a complaint based upon § 1983, "[a] civil rights complainant has no right to the automatic appointment of counsel," and "the trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 . . . unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982) (listing factors for the appointment of counsel). Here, even if Plaintiff were to cure the complaint of its jurisdictional defects, the Court discerns nothing in the complaint's allegations

that would warrant the appointment of counsel: as a SVP, Mr. Wilson's mental-health care falls under Texas Health & Safety Code § 841, not Chapter 415 of the Texas Administrative Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.0835 (committed persons with special needs); 25 TEX. ADMIN. CODE § 415.252 (listing type of facilities to which subchapter F applies). Further, as it stands, the allegations in the complaint do not support the violation of a constitutional right. *See, e.g., Brown v. Taylor*, 911 F.3d 235, 243 (5th Cir. 2018) (due process requires conditions at SVP facility bear a reasonable relation to "Texas's twin goals of 'long term supervision and treatment of sexually violent predators.'") (citation omitted).

Accordingly, it is therefore **ORDERED** that Plaintiff's and Mr. Wilson's motions to proceed in forma pauperis (ECF Nos. 2, 2-1) are **GRANTED** and the complaint (ECF No. 1) is **DISMISSED WIHOUT PREJUDICE** for lack of subject-matter jurisdiction.

SIGNED this 1st day of October, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE